**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                  **Case No. 4:23-cr-00092 KGB**

LARON VASHON DEAN                                                DEFENDANT

<u>ORDER</u>

Pending is the United States of America's motion *in limine* regarding defense DNA expert (Dkt. No. 67).  Defendant Laron Vashon Dean filed a response (Dkt. No. 73).  For the following reasons, the motion *in limine* regarding defense DNA expert is granted, in part, and denied, in part (Dkt. No. 67).

Mr. Dean gave notice to the United States regarding DNA expert Anjali Ranadive on April 11, 2024, followed by a supplemental notice on April 17, 2024 (Dkt. No. 67, at 1).  The United States argues that neither notice was signed by Ms. Ranadive nor accompanied by any reports signed by Ms. Ranadive and that notice is, therefore, deficient under Federal Rule of Criminal Procedure 16(b)(1)(C)(v) (Dkt. No. 67, at 1).  The United States also contends that the notices fail to include a complete statement of all the opinions that Mr. Dean will elicit from Ms. Ranadive and the bases and reasons for them as required by Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) but rather describes the anticipated testimony in vague terms (Dkt. No. 67, at 2). The United States maintains that Mr. Dean should be precluded from calling Ms. Ranadive as a witness without meeting the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C) by submitting a corrected notice (Dkt. No. 67, at 3).  The United States also argues that the Court should not permit Ms. Ranadive to testify regarding error in transposing the names on the mailers or any issues regarding chain of custody because she is proffered as a DNA expert and not a chain

of custody expert, and any potential defects in the chain of custody are the province of the jury (Dkt. No. 67, at 3).

Mr. Dean responds that the signed expert notice complies with Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) (Dkt. No. 73, at 1). Mr. Dean also contends that Ms. Ranadive will not testify regarding chain of custody but will testify, among other matters, that the swabs should have been retested due to "mishandling of the evidence, which is not related to chain of custody, but rather evidence integrity." (*Id*., at 1-2). Her report also generally states that she will "highlight the errors in the swab collection process and procedure as conducted in the defendant's case." (Dkt. No. 73-1, at 2-3).

The Court understands that the buccal swab taken from Mr. Dean was contemporaneously marked with Mr. Dean's name (Dkt. No. 67, at n.2). The Court also understands that the swab marked with Mr. Dean's name was later placed in a mailer labeled for Mr. Martin (*Id*.). In the Court's view, based on the current record before it, this is a chain of custody issue and not an evidence integrity issue. Ms. Ranadive is not a chain of custody expert and will not be permitted to testify regarding chain of custody issues. Accordingly, to the extent that the United States moves to exclude *in limine* Ms. Ranadive's testimony regarding the names on the mailers or any issues regarding chain of custody, the United States's motion *in limine* is granted.

Ms. Ranadive is also expected to testify about "DNA transfer." (Dkt. Nos. 67-2, at 2; 67-3, at 2). To the extent that the United States moves *in limine* to exclude Ms. Ranadive's testimony regarding "DNA transfer" because of the defective notice, the motion *in limine* is denied. The Court determines that the notices are not defective under Federal Rule of Criminal Procedure 16(b)(1)(C) with respect to the DNA transfer evidence, and, as the United States acknowledges

with respect to the DNA transfer evidence in its motion *in limine*, "such testimony is proper under Rule 702." (*Id*., at n.3).

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

It is so ordered this 2nd day of May, 2024.

Kristine G. Baker
Chief United States District Court Judge