IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                            Case No. 4:23-cr-00092 KGB

LARON VASHON DEAN                                                                        DEFENDANT

## ORDER

Pending is defendant Laron Vashon Dean's motion *in limine* opposing 404(b) evidence (Dkt. No. 104). The United States of America has filed a response to in opposition to Mr. Dean's motion *in limine* to exclude 404(b) evidence (Dkt. No. 107). For the following reasons, the Court denies Mr. Dean's motion *in limine* opposing 404(b) evidence (Dkt. No. 104).

On April 11, 2024, the United States gave notice of intent to offer evidence of Mr. Dean's 2020 conviction for being a prohibited person in possession of a firearm in Case No. 60CR-19-3190 (Dkt. No. 46). Mr. Dean opposes introduction of the evidence under Federal Rule of Evidence 404(b) arguing that it is more prejudicial than probative, will provide unfair bias, is irrelevant, and will potentially be misinterpreted by the jury (Dkt. No. 104, at 1). Mr. Dean argues that the facts and circumstances of Case No. 60CR-19-3190 involve different circumstances. Mr. Dean contends that, in the prior case, the firearm was found in Mr. Dean's room and that, in this case, the firearm was found in the glove box of a third party's vehicle. Additionally, Mr. Dean maintains that he was sentenced to probation on the 2020 conviction, that he served no period of incarceration on the 2020 conviction, and that the 2020 conviction is too remote in time (Dkt. No. 104, at 2–3). Finally, Mr. Dean argues that his prior gun conviction has no relevance to his current case (*Id.*, at 3). Mr. Dean contends that there is no motive at issue in this case; that intent is not an element of felon in possession under 18 U.S.C. § 922(g)(1); and that Mr. Dean's prior bad act is

not sufficiently similar to the current charge to be admissible to establish identity or absence of mistake because the government alleges in the present case that the firearm was found in the glove box of a vehicle that did not belong to Mr. Dean, that Mr. Dean denies knowledge of the firearm, and that the prior case involved a stolen firearm, among the differences between the two cases (*Id.*, at 3–4).  Mr. Dean also asserts that the prior gun conviction will unduly prejudice the jury against him and that this prejudice outweighs any probative value (*Id.*, at 5).

The United States responds that the Court should deny Mr. Dean's motion *in limine* to exclude Rule 404(b) evidence (Dkt. No. 107).  The United States asserts that knowing possession is an element of 18 U.S.C. § 922(g)(1) offenses, and Mr. Dean denies he knew the firearm was in the vehicle he was driving, making knowing possession of the firearm a central issue in the case. *See United States v. Halk*, 634 F.3d 482, 487 8th Cir. 2011); *United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010).  The Eighth Circuit has explained that "[w]hen admitted for the purpose of showing intent, the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent."  *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995) (quoting *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987)).  The United States also contends that Mr. Dean has put his state of mind at issue by raising a general denial defense (Dkt. No. 107, at 2).  Finally, the United States asserts that the Court may address any potential prejudice or confusion with a limiting instruction.

The Court denies Mr. Dean's motion *in limine* opposing Rule 404(b) evidence (Dkt. No. 104).  Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove a defendant's criminal disposition.  *United States v. Yellow,* 18 F.3d 1438, 1441 (8th Cir. 1994). The rule permits the admission of such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."  Fed. R. Evid. 404(b); *Oaks,* 606

F.3d at 538.  To be admissible as Rule 404(b) evidence, the evidence must be:  "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged."  *United States v. Jones,* 990 F.2d 1047, 1050 (8th Cir. 1993), *cert. denied*, 510 U.S. 1048 (1994) (quotations omitted).  A district court has "broad discretion" when deciding whether to admit evidence of other crimes or bad acts.  *United States v. Mihm,* 13 F.3d 1200, 1204 (8th Cir. 1994).

When a defendant raises the issue of mental state, whether by a "mere presence" defense that specifically challenges the mental element of the government's case or by means of a general denial that forces the government to prove every element of its case, Rule 404(b) prior bad acts evidence is admissible because mental state is a material issue.  *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995) (examining mere presence defense and general denial defense); *see also United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006) (examining general denial defense).  In this case, Mr. Dean asserts a general denial defense and, as is his right, has not stipulated to any element of the 18 U.S.C. § 922(g) offense with which he is charged.

Whether the evidence is close in time is one factor indicating the relevancy of the evidence, but "there is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent."  *Burkett,* 821 F.2d at 1309–10.  Mr. Dean's prior 2020 conviction is not so remote in time as to be inadmissible.

Moreover, as the United States argues, evidence of the prior 2020 conviction need only be sufficiently similar to support whatever permissible inference makes the evidence relevant.  *Id.*, at 1309.  If the government presents a theory of constructive possession, knowledge is often a key element of constructive possession.  Further, such evidence also makes an innocent explanation for the alleged behavior less likely.  *See United States v. Green-Bowman*, 816 F.3d 958, 963 (8th

3

Cir. 2016); *United States v. Walker,* 470 F.3d 1271, 1274–75 (8th Cir. 2006); *cf. United States v. Cassell,* 292 F.3d 788, 794–95 (D.C. Cir. 2002) ("A prior history of intentionally possessing guns . . . is certainly relevant to the determination of whether a person in proximity to such a [gun] on the occasion under litigation knew what he was possessing and intended to do so.  If [the defendant] had been standing in an apartment close to a gun and never possessed one before, a jury might find it less likely that his proximity evidenced knowing and intentional possession.").

Here, the Court understands the potential prejudice Mr. Dean relies upon is the risk of the jury improperly reasoning that possessing a gun before showed Mr. Dean was more likely to have a gun again.  However, "the presence of a limiting instruction diminishes the danger of any unfair prejudice from the admission of other acts." *United States v. Franklin,* 250 F.3d 653, 659 (8th Cir. 2001).

For these reasons, the Court denies Mr. Dean's motion (Dkt. No. 104).

It is so ordered this 6th day of May, 2024.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Court Judge